NELSON, MULLINS, RILEY & SCARBOROUGH, LLP

_____
SOLOMON L. WISENBERG, ESQ.
DC Bar No. 464867
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
Attorney for Defendants (Pro Hac Vice)
*NEISWONGER*


OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI

_____
PETER M. ANGULO, ESQ.
9050 W. Cheyenne Avenue
Las Vegas, NV 89129
Attorney for Defendants (Associated Counsel)
*NEISWONGER*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:11-CR-00247-JAD-CWH |
| vs. ) | |
| ) | |
| RICHARD S. NEISWONGER, ) | |
| WILLIAM S. REED, ) | |
| WENDELL L. WAITE, ) | |
| ) | |
| Defendants. ) | |

### STIPULATION TO CONTINUE SENTENCING
### (Twelfth Request)

**IT IS HEREBY STIPULATED AND AGREED** by and among Daniel G. Bogden, United States Attorney ("USA"), John Patrick Burns, Assistant United States Attorney

("AUSA"), Solomon L. Wisenberg, Esq., and Peter Angulo, Esq., attorneys for Defendants Richard C. Neiswonger and Shannon Neiswonger, that the sentencing currently scheduled for January 9, 2017 be vacated and continued until July 6, 2017, or a date thereafter convenient to the Court.

The Stipulation is entered into for the following reasons:

1. This is the twelfth request to continue Mr. Neiswonger's sentencing in this matter. The first request was made through stipulation of the parties on August 1, 2012 (Docket Entry 76) and was granted by the Court on August 2, 2012 (Docket Entry 77). The second request was entered by the Court on September 26, 2012, through a Minute Order upon oral stipulation of counsel (Docket Entry 81). This Minute Order was entered on the same date that the Court accepted guilty pleas and set a July 8, 2013 sentencing date for Mr. Neiswonger and Mrs. Shannon Neiswonger in Case Number 2:12-CR-00281-JAD-CWH. *See* Minutes of Proceedings (Docket Entry 22) in Case Number 2:12-CR-00281-JAD-CWH. The third request was made by stipulation of the parties on May 31, 2013 (Docket Entry 93) and was granted by the Court the same day (Docket Entry 94). The fourth request was made by stipulation of the parties on September 25, 2013 (Docket Entry 105) and was granted by the Court on September 26, 2013 (Docket Entry 106). The fifth request was made by stipulation of the parties on December 23, 2013 (Docket Entry 117) and was granted by the Court on December 26, 2013 (Docket Entry 118). The sixth request was made by stipulation of the parties on March 14, 2014 (Docket Entry 122) and was granted by the Court on March 19, 2014 (Docket Entry 123). The seventh request was made by stipulation of the parties on June 18, 2014 (Docket Entry 132) and was granted by the Court on June 18, 2014 (Docket Entry 133). The eighth request was made by stipulation of the parties on December 4, 2014 (Docket Entry 144) and was

granted by the Court on December 9, 2014 (Docket Entry 147). The ninth request was made by stipulation of the parties on May 15, 2015 (Docket Entry 150) and was granted by the Court on May 18, 2015 (Docket Entry 151). The tenth request was made by stipulation of the parties on October 12, 2015 (Docket Entry 155) and was granted by the Court on October 13, 2015 (Docket Entry 156). The eleventh request was made by stipulation of the parties on March 9, 2016 (Docket Entry 161) and was granted by the Court the same day (Docket Entry 162).

2. The additional time requested herein is not sought for purposes of delay.

3. The United States and the defendants need more time to properly evaluate Mr. Neiswonger's full range of cooperation prior to sentencing. Co-defendant Wendell Waite's trial is set to begin on April 11, 2017 in Case No. 2:11-CR-00247-JAD-CWH, and Mr. Neiswonger will be a witness in that trial. In addition, the Government expects Mr. Neiswonger to serve as a government witness in Wendell Waite's second trial, set to begin on June 5, 2017, in Case No. 2:13-cr-00354-JCM-PAL. Each case is very likely to have a bearing on the Government's and the Court's assessment of the nature and degree of Mr. Neiswonger's cooperation. Mr. Neiswonger is continuing his cooperation with the Government, is gainfully employed, and has made significant monthly payments to the IRS and FTC. In addition, in late October 2015 Shannon Neiswonger, Mr. Neiswonger's wife, suffered a serious and debilitating brain injury. Mr. Neiswonger is assisting in providing virtually round-the-clock care for Mrs. Neiswonger, who underwent her second major brain surgery related to the injury on March 7, 2016. Although Mrs. Neiswonger's physical condition has stabilized, she still has cognitive disabilities which require Mr. Neiswonger's vigilant supervision.

4. Mr. Neiswonger's lead counsel, Solomon L. Wisenberg, needs additional time to investigate all of the sentencing factors contained in 18 U.S.C. §§ 3553(a) and 3661, particularly the nature and circumstances of the offense and the history and characteristics of Mr. Neiswonger, including his full cooperation, so that he can prepare a Sentencing Memorandum and otherwise effectively represent Mr. Neiswonger at the Sentencing Hearing pursuant to the Sixth Amendment. This is also true with respect to Case Number 2:12-CR-00281-JAD-CWH, which is related to the instant matter and is currently set for sentencing on the same date. Mr. Wisenberg represents Mr. and Mrs. Neiswonger in Case Number 2:12-CR-00281-JAD-CWH and will be filing a Stipulation to Continue Sentencing in Case Number 2:12-CR-00281-JAD-CWH as well. There have been ten previous requests for a continuance in Case Number 2:12-CR-00281-JAD-CWH and continuing the sentencing in both cases for both defendants, will conserve judicial, prosecutorial, and defense resources.

5. Denial of this request for continuance could result in a miscarriage of justice. It would deny defense counsel and the Government time and opportunity to effectively prepare for sentencing in this case. For all the above stated reasons, the ends of justice would best be served by a continuance of the sentencing date until July 6, 2017 or a date thereafter convenient to the Court.

**DATED** this 12th day of December, 2016.

DANIEL BOGDEN
UNITED STATES ATTORNEY

_____/s/_____
JOHN PATRICK BURNS
Assistant United States Attorney
501 Las Vegas Boulevard S., Suite 1100
Las Vegas, Nevada 89101
Attorneys for Plaintiff

UNITED STATES OF AMERICA

NELSON, MULLINS, RILEY & SCARBOROUGH, LLP

_____/s/_____
SOLOMON L. WISENBERG
DC Bar No. 464867
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
Attorney for Defendants (Pro Hac Vice)
*NEISWONGER*


OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI

_____/s/_____
PETER M. ANGULO, ESQ.
9050 W. Cheyenne Avenue
Las Vegas, NV 89129
Attorney for Defendants (Associated Counsel)
*NEISWONGER*

## FINDINGS OF FACT

Based upon the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. This is the twelfth request to continue Mr. Neiswonger's sentencing in this matter. The first request was made through stipulation of the parties on August 1, 2012 (Docket Entry 76) and was granted by the Court on August 2, 2012 (Docket Entry 77). The second request was entered by the Court on September 26, 2012, through a Minute Order upon oral stipulation of counsel (Docket Entry 81). This Minute Order was entered on the same date that the Court accepted guilty pleas and set a July 8, 2013 sentencing date for Mr. Neiswonger and Mrs. Shannon Neiswonger in Case Number 2:12-CR-00281-JAD-CWH. *See* Minutes of Proceedings (Docket Entry 22) in Case Number 2:12-CR-00281-JAD-CWH. The third request was made by stipulation of the parties on May 31, 2013 (Docket Entry 93) and was granted by the Court the same day (Docket Entry 94). The

fourth request was made by stipulation of the parties on September 25, 2013 (Docket Entry 105) and was granted by the Court on September 26, 2013 (Docket Entry 106). The fifth request was made by stipulation of the parties on December 23, 2013 (Docket Entry 117) and was granted by the Court on December 26, 2013 (Docket Entry 118). The sixth request was made by stipulation of the parties on March 14, 2014 (Docket Entry 122) and was granted by the Court on March 19, 2014 (Docket Entry 123). The seventh request was made by stipulation of the parties on June 18, 2014 (Docket Entry 132) and was granted by the Court on June 18, 2014 (Docket Entry 133). The eighth request was made by stipulation of the parties on December 4, 2014 (Docket Entry 144) and was granted by the Court on December 9, 2014 (Docket Entry 147). The ninth request was made by stipulation of the parties on May 15, 2015 (Docket Entry 150) and was granted by the Court on May 18, 2015 (Docket Entry 151). The tenth request was made by stipulation of the parties on October 12, 2015 (Docket Entry 155) and was granted by the Court on October 13, 2015 (Docket Entry 156). The eleventh request was made by stipulation of the parties on March 9, 2016 (Docket Entry 161) and was granted by the Court the same day (Docket Entry 162).

2. The additional time requested herein is not sought for purposes of delay.

3. The United States and the defendants need more time to properly evaluate Mr. Neiswonger's full range of cooperation prior to sentencing. Co-defendant Wendell Waite's trial is set to begin on April 11, 2017 in Case No. 2:11-CR-00247-JAD-CWH, and Mr. Neiswonger will be a witness in that trial. In addition, the Government expects Mr. Neiswonger to serve as a government witness in Wendell Waite's second trial, set to begin on June 5, 2017, in Case No. 2:13-cr-00354-JCM-PAL. Each case is very likely to have a bearing on the Government's and the Court's assessment of the nature and degree

of Mr. Neiswonger's cooperation. Mr. Neiswonger is continuing his cooperation with the Government, is gainfully employed, and has made significant monthly payments to the IRS and FTC. In addition, in late October 2015 Shannon Neiswonger, Mr. Neiswonger's wife, suffered a serious and debilitating brain injury. Mr. Neiswonger is assisting in providing virtually round-the-clock care for Mrs. Neiswonger, who underwent her second major brain surgery related to the injury on March 7, 2016. Although Mrs. Neiswonger's physical condition has stabilized, she still has cognitive disabilities which require Mr. Neiswonger's vigilant supervision.

4. Mr. Neiswonger's lead counsel, Solomon L. Wisenberg, needs additional time to investigate all of the sentencing factors contained in 18 U.S.C. §§ 3553(a) and 3661, particularly the nature and circumstances of the offense and the history and characteristics of Mr. Neiswonger, including his full cooperation, so that he can prepare a Sentencing Memorandum and otherwise effectively represent Mr. Neiswonger at the Sentencing Hearing pursuant to the Sixth Amendment. This is also true with respect to Case Number 2:12-CR-00281-JAD-CWH, which is related to the instant matter and is currently set for sentencing on the same date. Mr. Wisenberg represents Mr. and Mrs. Neiswonger in Case Number 2:12-CR-00281-JAD-CWH and will be filing a Stipulation to Continue Sentencing in Case Number 2:12-CR-00281-JAD-CWH as well. There have been ten previous requests for a continuance in Case Number 2:12-CR-00281-JAD-CWH and continuing the sentencing in both cases for both defendants, will conserve judicial, prosecutorial, and defense resources.

## CONCLUSIONS OF LAW

1. Denial of this request for continuance could result in a miscarriage of justice. It would deny defense counsel and the Government time and opportunity to effectively prepare for sentencing in this case.

2. For all the above stated reasons, the ends of justice would best be served by a continuance of the sentencing date until July 6, 2017, or a date thereafter convenient to the Court.

# ORDER

IT IS HEREBY ORDERED that the sentencing currently scheduled for January 9, 2017, be vacated and continued to July 10, 2017 at 9:00 a.m.

DATED this 12th day of December, 2016.

_____
UNITED STATES DISTRICT JUDGE

Submitted by:

_____/s/_____
PETER M. ANGULO, ESQ.
9050 W. Cheyenne Avenue
Las Vegas, NV 89129
Attorney for Defendants (Associated Counsel)
*NEISWONGER*