NELSON, MULLINS, RILEY & SCARBOROUGH, LLP

---
SOLOMON L. WISENBERG, ESQ.
DC Bar No. 464867
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
Attorney for Defendants (Pro Hac Vice)
*NEISWONGER*


OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI

---
PETER M. ANGULO, ESQ.
9050 W. Cheyenne Avenue
Las Vegas, NV 89129
Attorney for Defendants (Associated Counsel)
*NEISWONGER*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RICHARD S. NEISWONGER,<br>WILLIAM S. REED,<br>WENDELL L. WAITE,<br><br>    Defendants. | 2:11-CR-00247-JAD-CWH |

## STIPULATION TO CONTINUE SENTENCING
### (Seventeeth Request)

**IT IS HEREBY STIPULATED AND AGREED** by and among Dayle Elieson, United States Attorney ("USA"), John Patrick Burns, Assistant United States Attorney ("AUSA"),

Solomon L. Wisenberg, Esq., and Peter Angulo, Esq., attorneys for Defendant Richard C. Neiswonger, that the sentencing currently scheduled for October 15, 2018, be vacated and continued until October 29, 2018, or a date thereafter convenient to the Court.

The Stipulation is entered into for the following reasons:

1. This is the seventeenth request to continue Mr. Neiswonger's sentencing in this matter. The first request was made through stipulation of the parties on August 1, 2012 (Docket Entry 76) and was granted by the Court on August 2, 2012 (Docket Entry 77). The second request was entered by the Court on September 26, 2012, through a Minute Order upon oral stipulation of counsel (Docket Entry 81). This Minute Order was entered on the same date that the Court accepted guilty pleas and set a July 8, 2013 sentencing date for Mr. Neiswonger and Mrs. Shannon Neiswonger in Case Number 2:12-CR-00281-JAD-CWH. *See* Minutes of Proceedings (Docket Entry 22) in Case Number 2:12-CR-00281-JAD-CWH. The third request was made by stipulation of the parties on May 31, 2013 (Docket Entry 93) and was granted by the Court the same day (Docket Entry 94). The fourth request was made by stipulation of the parties on September 25, 2013 (Docket Entry 105) and was granted by the Court on September 26, 2013 (Docket Entry 106). The fifth request was made by stipulation of the parties on December 23, 2013 (Docket Entry 117) and was granted by the Court on December 26, 2013 (Docket Entry 118). The sixth request was made by stipulation of the parties on March 14, 2014 (Docket Entry 122) and was granted by the Court on March 19, 2014 (Docket Entry 123). The seventh request was made by stipulation of the parties on June 18, 2014 (Docket Entry 132) and was granted by the Court on June 18, 2014 (Docket Entry 133). The eighth request was made by stipulation of the parties on December 4, 2014 (Docket Entry 144) and was granted by the Court on December 9, 2014 (Docket Entry 147). The ninth request was

made by stipulation of the parties on May 15, 2015 (Docket Entry 150) and was granted by the Court on May 18, 2015 (Docket Entry 151). The tenth request was made by stipulation of the parties on October 12, 2015 (Docket Entry 155) and was granted by the Court on October 13, 2015 (Docket Entry 156). The eleventh request was made by stipulation of the parties on March 9, 2016 (Docket Entry 161) and was granted by the Court the same day (Docket Entry 162). The twelfth request was made by stipulation of the parties on December 12, 2016 (Docket Entry 177) and was granted by the Court the same day (Docket Entry 178). The thirteenth request was made by stipulation of the parties on June 19, 2017 (Docket Entry 191) and was granted by the Court on the same day (Docket Entry 192). The fourteenth request was made by stipulation of the parties on December 19, 2017 (Docket Entry 199) and was granted by the Court on the same day (Docket Entry 200). The fifteenth request was made by stipulation of the parties on March 26, 2018 (Docket Entry 201) and was granted by the Court on the same day (Docket Entry 202). The sixteenth request was made by stipulation of the parties on July 2, 2018 (Docket Entry 203) and was granted by the Court on July 6, 2018 (Docket Entry 204).

2. The additional time requested herein is not sought for purposes of delay.

3. The two-week continuance is requested by Mr. Neiswonger's lead counsel, Solomon L. Wisenberg, due to family-related issues. Accordingly, additional time is requested to investigate all of the sentencing factors contained in 18 U.S.C. §§ 3553(a) and 3661, particularly the nature and circumstances of the offense and the history and characteristics of Mr. Neiswonger, including his full cooperation, so that he can prepare a Sentencing Memorandum and otherwise effectively represent Mr. Neiswonger at the Sentencing Hearing pursuant to the Sixth Amendment. This is also true with respect to

Case Number 2:12-CR-00281-JAD-CWH, which is related to the instant matter and is currently set for sentencing on the same date. Mr. Wisenberg represents Mr. Neiswonger in Case Number 2:12-CR-00281-JAD-CWH and will be filing a Stipulation to Continue Sentencing in Case Number 2:12-CR-00281-JAD-CWH as well. Continuing the sentencing in both cases will conserve judicial, prosecutorial, and defense resources.

4. For the above stated reasons, the ends of justice would best be served by a continuance of the sentencing date until October 29, 2018 or a date thereafter convenient to the Court.

**DATED** this 24th day of September, 2018.

DAYLE ELIESON
UNITED STATES ATTORNEY

_____/s/_____
JOHN PATRICK BURNS
Assistant United States Attorney
501 Las Vegas Boulevard S., Suite 1100
Las Vegas, Nevada 89101
Attorneys for Plaintiff
UNITED STATES OF AMERICA

NELSON, MULLINS, RILEY & SCARBOROUGH, LLP

_____/s/_____
SOLOMON L. WISENBERG
DC Bar No. 464867
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
Attorney for Defendant (Pro Hac Vice)
*NEISWONGER*

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI

_____/s/_____
PETER M. ANGULO, ESQ.
9050 W. Cheyenne Avenue
Las Vegas, NV 89129
Attorney for Defendant (Associated Counsel)
*NEISWONGER*

# FINDINGS OF FACT

Based upon the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. This is the seventeenth request to continue Mr. Neiswonger's sentencing in this matter. The first request was made through stipulation of the parties on August 1, 2012 (Docket Entry 76) and was granted by the Court on August 2, 2012 (Docket Entry 77). The second request was entered by the Court on September 26, 2012, through a Minute Order upon oral stipulation of counsel (Docket Entry 81). This Minute Order was entered on the same date that the Court accepted guilty pleas and set a July 8, 2013 sentencing date for Mr. Neiswonger and Mrs. Shannon Neiswonger in Case Number 2:12-CR-00281-JAD-CWH. *See* Minutes of Proceedings (Docket Entry 22) in Case Number 2:12-CR-00281-JAD-CWH. The third request was made by stipulation of the parties on May 31, 2013 (Docket Entry 93) and was granted by the Court the same day (Docket Entry 94). The fourth request was made by stipulation of the parties on September 25, 2013 (Docket Entry 105) and was granted by the Court on September 26, 2013 (Docket Entry 106). The fifth request was made by stipulation of the parties on December 23, 2013 (Docket Entry 117) and was granted by the Court on December 26, 2013 (Docket Entry 118). The sixth request was made by stipulation of the parties on March 14, 2014 (Docket Entry 122) and was granted by the Court on March 19, 2014 (Docket Entry 123). The seventh request was made by stipulation of the parties on June 18, 2014 (Docket Entry 132) and was granted by the Court on June 18, 2014 (Docket Entry 133). The eighth request was made by stipulation of the parties on December 4, 2014 (Docket Entry 144) and was granted by the Court on December 9, 2014 (Docket Entry 147). The ninth request was made by stipulation of the parties on May 15, 2015 (Docket Entry 150) and was granted

by the Court on May 18, 2015 (Docket Entry 151). The tenth request was made by stipulation of the parties on October 12, 2015 (Docket Entry 155) and was granted by the Court on October 13, 2015 (Docket Entry 156). The eleventh request was made by stipulation of the parties on March 9, 2016 (Docket Entry 161) and was granted by the Court the same day (Docket Entry 162). The twelfth request was made by stipulation of the parties on December 12, 2016 (Docket Entry 177) and was granted by the Court the same day (Docket Entry 178). The thirteenth request was made by stipulation of the parties on June 19, 2017 (Docket Entry 191) and was granted by the Court on the same day (Docket Entry 192). The fourteenth request was made by stipulation of the parties on December 19, 2017 (Docket Entry 199) and was granted by the Court on the same day (Docket Entry 200). The fifteenth request was made by stipulation of the parties on March 26, 2018 (Docket Entry 201) and was granted by the Court on the same day (Docket Entry 202). The sixteenth request was made by stipulation of the parties on July 2, 2018 (Docket Entry 203) and was granted by the Court on July 6, 2018 (Docket Entry 204).

2. The additional time requested herein is not sought for purposes of delay.

3. The two-week continuance is requested by Mr. Neiswonger's lead counsel, Solomon L. Wisenberg, due to family-related issues. Accordingly, additional time is requested to investigate all of the sentencing factors contained in 18 U.S.C. §§ 3553(a) and 3661, particularly the nature and circumstances of the offense and the history and characteristics of Mr. Neiswonger, including his full cooperation, so that he can prepare a Sentencing Memorandum and otherwise effectively represent Mr. Neiswonger at the Sentencing Hearing pursuant to the Sixth Amendment. Continuing the sentencing in both cases will conserve judicial, prosecutorial, and defense resources.

## CONCLUSIONS OF LAW

1. For the above stated reasons, the ends of justice would best be served by a continuance of the sentencing date until October 29, 2018, or a date thereafter convenient to the Court.

## ORDER

**IT IS HEREBY ORDERED** that the sentencing currently scheduled for October 15, 2018, be vacated and continued to October 29, 2018, at the hour of 10:00 a.m. Counsel is cautioned that any further requests for a continuance will likely not be granted unless under extreme circumstances.

DATED this 26th day of September, 2018.

_____
UNITED STATES DISTRICT JUDGE